860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Uriah ROSS, also known as Kevin Jones, Plaintiff-Appellant,
v.
Al C. PARKE; Captain Case, Unit Manager, Defendants-Appellees.
 No. 88-5365.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1988.
 
 W.D.Ky.
 AFFIRMED.
 Before KENNEDY, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff brought this civil rights action under 42 U.S.C. Sec. 1983, claiming that the defendants violated his eighth amendment rights when they failed to protect him from assault by a fellow inmate (Trent) at the Kentucky State Reformatory. Plaintiff sought monetary damages and injunctive relief. The district court granted defendants' motion for summary judgment, deciding that plaintiff did not produce evidence of gross negligence sufficient to state a cause of action under 42 U.S.C. Sec. 1983.
 
 
 3
 Upon consideration, we conclude that the district court properly granted summary judgment for defendants as there was no genuine issue of material fact and, thus, the defendants were entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In order to show that prison officials have violated the eighth amendment rights of an inmate by failing to protect him from assault by another inmate, plaintiff must establish deliberate or callous indifference to his risk of injury. See McGhee v. Foltz, 852 F.2d 876 (6th Cir.1988).
 
 
 4
 The defendants did not know of any previous assaults on plaintiff. Plaintiff did not establish that the defendants knew that Trent was a potential assailant, nor did plaintiff inform defendants that Trent was a potential assailant. Moreover, the record shows that the prison medical staff examined both inmates for injury immediately after the assault and found none. The next day, prison officials moved Trent to another segregation area. This conduct simply does not show deliberate or callous indifference to plaintiff's risk of injury.
 
 
 5
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.